(Original)

CW 530

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name _Garibay_ _Raul_
　　　(Last)　　　　　　(First)　　　　　(Initial)

Prisoner Number _P-98953_

Institutional Address _Hwy L, P.O. Box 8103, San Luis Obispo,_ **(PR)**
_CA 93403-8103_

FILED 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

================================================================

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

**C 07 5338**

**CW**

_Raul A. Garibay_
**Full Name of Petitioner**

Case No. _____
(To be supplied by the Clerk,
United States District Court)

vs.

_John Marshall-Warden_    PETITION FOR A WRIT OF HABEAS CORPUS
**Name of Respondent**
**(Warden or jailor)**

================================================================

### Read Comments Carefully Before Filling In

#### When and Where to File

　　You should file in the Northern District if you were convicted and sentenced in one of these counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

　　If you are challenging your conviction or sentence and you were **not** convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located.  If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined.  Habeas L.R. 2254-3(b).

## Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now **and** the Attorney General of the state in which the judgment you seek to attack was entered.

## A.   INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.    What sentence are you challenging in this petition?

(a)   Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

_Superior Court of Santa Clara County_    _191 N. First St.,_
_San Jose. CA 95113-1090_
Court                                        Location

(b)   Case number, if known _No's CC060536, H022283_

(c)   Date and terms of sentence _November 3, 2000; 16 years_

(d)   Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes _X_  No ____

Where? _California Men's Colony - West Hiway L, P.O. Box 8103_
(Name of Institution)                            (Address)
_San Luis Obispo CA 93403-8103_

2.    For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

_§§ 261(a)(2), 273.5(a), 286(c)(2), 245(a)(1), 236-237, 417(a)(1)_
_am challenging Upper Term enhancement, on count 6, §§_
_236, 237_

3.    Did you have any of the following?

Arraignment: Yes _X_  No ____    Preliminary Hearing: Yes _X_  No ____

Motion to Suppress:  Yes ____  No _X_

4.    How did you plead?

Guilty _____    Not Guilty _✓_    Nolo Contendere _____

Any other plea (specify) _na_ _____

5.    If you went to trial, what kind of trial did you have?

Jury _✓_    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?    Yes _____  No _✓_

7.    Did you have an attorney at the following proceedings:

(a)  Arraignment    Yes _✓_  No _____
(b)  Preliminary hearing        Yes _✓_  No _____
(c)  Time of plea    Yes _✓_  No _____
(d)  Trial    Yes _✓_  No _____
(e)  Sentencing    Yes _✓_  No _____
(f)  Appeal    Yes _✓_  No _____
(g)  Other post-conviction proceeding    Yes _____  No _✓_

8.    Did you appeal your conviction?    Yes _✓_    No _____

(a)  If you did, to what court(s) did you appeal?

Court of Appeal    Yes _✓_  No _____    _2002_ _affirmed_
                                         (Year)    (Result)

Supreme Court of
California    Yes _✓_  No _____    _2002_ _denied_
                                   (Year)    (Result)

Any other court    Yes _✓_  No _____    _2003_ _pending C.O.A._
                                         (Year)    (Result)

(b)  If you appealed, were the grounds the same as those that you are raising in this petition?  Yes _____    No _✓_

(c)  Was there an opinion?    Yes _✓_    No _____

(d)  Did you seek permission to file a late appeal under Rule 31(a)?    Yes _____  No _✓_

If you did, give the name of the court and the result:

_____

9.    Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes _✓_  No _____

3

**Note:** If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court _Superior Court of Santa Clara_

Type of Proceeding _habeas corpus proceeding._

Grounds raised (Be brief but specific):

a. _illegal enhancement / trial court Judge lacked_

b. _authority to Sentence in the Upper Term_

c. _____

d. _____

Result _denied_          Date of Result _March 15, 2007_

II. Name of Court _Sixth Appellate District, Court of Appeal_

Type of Proceeding _habeas corpus proceeding_

Grounds raised (Be brief but specific):

a. _same as Superior Court_

b. _____

c. _____

d. _____

Result _denied_          Date of Result _?_

III. Name of Court _Supreme Court of California_

Type of Proceeding _Petition for Review_

Grounds raised (Be brief but specific):

a. _Cunningham issue_

4

b.  _na_  _____

c.  _na_  _____

d.  _na_  _____

Result _denied_ _____ Date of Result _July 11, 2007_

    (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?    Yes _X_    No ____

_Ninth Circuit Court, Docket No. 03-1808, March 19, 2007_
                (Name and location of Court)

## B.  GROUNDS FOR RELIEF

    State briefly every reason that you believe you are being confined unlawfully.  Give facts to support each claim.  For example, what legal right or privilege were you denied?  What happened?  Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you need more space.  Answer the same questions for each claim.

    Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent petitions may be dismissed without review on the merits.  28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

    Claim One: _Upper Term enhancement on Count 6 (§§ 236, 237) is [un] Constitutional._

    Supporting Facts: _petitioner's Jury did NOT find true aggrating factors on count 6 ; petitioner is being punished pursuant to his other offenses, relevant to §§ 236, 237, and those offenses, which is impermissible fact finding._

    Claim Two: _na_ _____

_____

    Supporting Facts: _na_ _____

_na_ _____

_na_ _____

_na_ _____

Claim One : Supporting facts (con't.)

Each count MUST stand on it's own merit, be proven beyond a reasonable doubt, acts and omissions arising out of their operative facts. This occurring instant case, falls squarely under Blakely vs. Washington, 542 U.S. [125 S.Ct. at p. 2537, quoting 1 Bishop, Crim. Proc. (2d ed. 1872) § 87, p. 55) when a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment"] ; instant case Judge did NOT strike the other crimes pursuant to Rule 4.420(c), to warrant Upper Term punishment. Rule 4.441 would naturally preclude dual use of any fact. The statutory Maximum, as to count 6, was "midterm"; Blakely defined the "statutory Maximum" to be "the Maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict..." Id., at 303 . California Supreme Court and Lower Court's denial on this claim is [un] reasonable application of Cunningham vs. California, 549 U.S. [127 S. Ct.856] : Cunningham determined D.S.L. since 1977 was [un] Constitutional, did NOT meet Standard of proof required (In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed. 2d 368 (1970)) Sixth Amendment Trials. California continues to disagree (Black II, S126182) however, the United States Supreme Court is Supremacy Doctrine (127 S.Ct. 856, 863-864) This Court has repeatedly held that, under Sixth Amendment, any fact that exposes a defendant to a

*Claim One: Supporting facts (con't.)*

greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence. See, City of Auburn vs. Quast Corp., 260 F.3d 1160 (9th cir. 2001)(Under Supremacy Clause, state courts are obligated to apply and adjudicate federal claims fairly presented to them.) which, petitioner DID. Here, the Federal Issue is application of [un] Constitutional Statute to punish. See, Jones vs. United States, 526 U.S. [119 S.Ct. 1215] at 252-253 "[I]t is unconstitutional for a Legislature to remove from jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." Id., at 243, n.6, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt" "The Fourteenth Amendment commands the same answer in this case involving a state statute." California Legislature (1977) Lacked Jurisdiction to empower trial court Judge to Sentence petitioner, et alis, to Upper Term, without Jury Verdict. (sic)

Claim Three: _na_ _____

_____

Supporting Facts: _na_ _____

_na_ _____

_na_ _____

_na_ _____

    If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

_na_ _____

_na_ _____

_na_ _____

_na_ _____

    List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning of these cases:

Blakely vs. Washington       In re Winship

Cunningham vs California    City of Auburn vs Quest Corp.

Jones vs. United States

Do you have an attorney for this petition?   Yes ____   No _X_
If you do, give the name and address of your attorney:

_____

    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

Executed on October 2, 2007.
        Date                   Signature of Petitioner

(rev. 5/96)

Exhibits

Court of Appeal, Sixth Appellate District - No. H031459
**S153137**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re RAUL A. GARIBAY on Habeas Corpus

The petition for review is denied.

SUPREME COURT
# FILED

JUL 1 1 2007

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**

_____
Chief Justice

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA,  ) NO. _____
          Plaintiff and Respondent,  ) (Lower Court No.s
             vs  )    HO31457, CC060531)
RAUL A. GARIBAY,  )
          Defendant and Appellant.  )

## PETITION FOR REVIEW

After Decision By The Court Of Appeal
Sixth Appellate District
Filed May 11, 2007

In Propria Persona

Raul A. Garibay
P-98953
P.O. Box 8103
U14336
California Men's Colony
West
San Luis Obispo
Hiway 1
California
93403-8103

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA,  )  NO. _____
          Plaintiff and Respondent,  )  (Court of Appeal
                                      )  Case No. H031459;
     vs.                              )  Superior Court
RAUL A GARIBAY,                       )  Case No. CC060531)
          Defendant and Appellant.    )

TO: THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

PLEASE TAKE NOTICE: That Appellant prays for this Court to review the decision of the Court of Appeal, Sixth Appellate District. filed on that on May 11, 2007, and received by appellant on May 15, 2007 A copy of the opinion of the Court of Appeal and the original petition's argument, points and authority are attached, and hereto included as Exhibit A, of this Petition For Review.

Question Presented

Since the United States Supreme Court ruled Determinate Sentencing Law [un]. Constitutional (re Penal Code §1170(b) placing sentencing elevating fact finding within the judge's province, violates a defendant's right to trial by jury

...(supra, by the Sixth and Four-teenth Amendments) is not [a]very Defendant's Sentence un Constitution-al since July 1, 1977, (the effective und operative Date of D.S.L.) where a trial court judge aggravated a Sentence by a preponderance of the evidence ?

## Necessity For Review

A grant of review and resolution of this issue by this Court is necessary to secure uni-formity of decision and to settle an important question of law, pursuant to rule 29(a)(1). California Rules of Court. The importance of This issue is to establish the precedence (point-in-time) of U.S. Supreme Court decision. In re Cunningham vs. California, 549 U.S. [127 S.Ct. 856, 166 L.Ed.2d 856]. it's application on habeas corpus petition.

The need for uniformity of decision is pointed-up because of the obvious Constitu-tional infirmity of the Penal Code Statute since it's operative and effective Date, and discriminating effect (if only applied re-troactively on direct appeal.)

Further, this case provides this Court with opportunity to settle Jurisdictional Issues, "separation of powers doctrine" on points of law; peculiarly, application

of beyond a reasonable doubt Standard in Penal Legislation vs. by a preponderance of the evidence; when either is Mandatory or permissible.

Finally, the importance of this Issue is pointed-up because [a]ny change in the Law by California Legislature, now, puts to question the Constitutionality of Sentences, since July 1, 1777, that were elevated by a preponderance of the evidence, seriously affecting the fairness, integrety, and public reputation of judicial proceeding(s) of ALL DEFENDANT(S). As the United States Supreme Court wrote in Cunningham, supra, "[T]he ball ... lies in [California's] court."

## Argument

Under California Constitution, Article I, §§ 7 and 15, is provision that a person may not be deprived of Life, Liberty, or property, without Due Process of Law; although due process encompasses a broad range of safeguards, in essence the concept guarantees a fundamentally fair decision making process. People vs. Ramos (1984) 37 Cal. 3rd. 136, 207 Cal. Rptr. 800, 689 P.2d 430. The Cunningham Interdict is just that, Penal Code § 1170. subd. (b). "process" violates an defendant's Sixth and Fourteenth Amends. Due Process guarantees. Under Martin vs. Hunter's Lessee,

19 U.S. 304 (1816) which affirmed the Supreme Court's right to appellate jurisdiction - that is the right to review all state court judgments in cases arising under the federal Constitution or a law of the U.S.. Due Process Guarantee's must prevail. Winship beyond a reasonable doubt prong of due process in criminal trial process was the standard NOT by a preponderance of the evidence that Penal Code § 1170(b) (in pertinent part) allowed. The separation of powers doctrine exists with the Constitution as ruling Authority just so Esprit de corps in any Branch does NOT occur; dissenting over time gives occassion to that which occurred in drafting Penal Code § 1170(b). Sixth Amendment Trials always have been "pleadings and proof of indictment." United States vs. Reese, 92 U.S. 214, 232-233, 23 L.Ed 563 (1875) "[T]he indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted." 1 J Bishop, Crim. Law §§ 733-948 (7th ed. 1923) exactly the same holding "[I]f the law has given the court a discretion as to the punishment ... to influence a judicious magistrate to make it heavier or lighter, yet not to exceed the limits fixed for what of crime is within the allegation and the verdict." More recent, "[T]he relevant 'statutory maximum' ... is not the maximum sentence a judge may impose after finding additional

facts, but the maximum he may impose without any additional findings." Blakely vs. Washington, 542 U.S. 296 (2004) at 303-304, to which, Cunningham relied upon. Always the Law [was/is] confinement to that which is in accusation and verdict. Any other pleadings "outside" the verdict, such as Penal Code § 1170(b) (degrees in aggravation by a preponderance of the evidence) violates even Sixth Amendment right of confrontation: "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him. We have held that this bedrock procedural guarantee applies to both federal and state prosecutions. Crawford vs Washington, 124 S. Ct. 1354, 1357. Admitting 'statements' deemed reliable by a judge is fundamentally at odds with right of confrontation. id at 1371." Penal Code § 1170(b) allows judge to make determination without right of confrontation and by a lesser burden of proof. The statute fails on 2 points of law, in place long before any of the additional facts Cases. (Winship and Bishop) U.S.C.A. Sixth and Fourteenth. Amends. 1J Bishop © § 948... "the aggravating factor must not be of a crime separate from the one charged in the indictment... California Legislature in drafting Penal Code § 1170(b) and implementing Rules of Court, has made offender's status elements of

offenses. The Court put this discussion to rest in Apprendi vs New Jersey, 120 S.Ct. 2348, 2359, fn. 10, "The judge's role in sentencing is constrained at it's outer limits by the facts alleged in the indictment and found by the jury. Put simply, facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense." Id @ fn 9 "Nothing in Williams implies that a judge may impose a more severe sentence than the maximum authorized by the facts found by the jury" Lynch. Towards A Model Penal Code, Second: Federal?) 2 Buff. Crim. Law Rev. 277, 320 (1998)(noting that judges in discretionary sentencing take account of facts relevant to a particular offense "within the spectrum of conduct covered by the statute of conviction"). The sum of this argument is not the application of Cunningham retroactive, but the ONLY term of punishment in Penal Code § 1170 that meets the beyond a reasonable doubt Standard set forth In re Winship, supra, 397 U.S. 358, 362-64, is "mid-term" and, that fact/Law being true. Pen. Code § 1170(b), degree of mitigation or aggravation is illegal[.] Certainly[,] Cunningham ameliorates; however, it does not break new ground as some would like to think because as Cellstons afore-

mentioned prove beyond any doubt. Penal Code § 1170(b) degrees of aggravation proved to be true by a preponderance of the evidence was unconstitutional on it's effective date. NOT even a Jury could find degrees of aggravation (or mitigation) by a preponderance of the evidence. In re Winship, supra, 397 U.S. 358 [90 S.Ct. 1068, 25 L.Ed.2d 368] at pp. 362-64 (1970)( The reasonable doubt standard applies in both state and federal proceedings.) (California Legislature had NO Jurisdiction (or Authority) to lessen burden of proof in criminal statute. Since Winship, the United States Supreme Court made clear peradventure that Winship due process and associated jury instruction extend to the length of sentence. Hernandez-Torres, 523 U.S. at 251, 118 S.Ct 1217. The statutory maximum/minimum that does comply with Winship is only "mid-term". Winship is stare decisis in criminal law. In July, 1977, Penal Code § 1170(b), was (and is) Constitutional (degrees of aggravation or mitigation) YET because of Cunningham, lost due of Winship due process. All Defendant(s) must use a on habeas corpus, being unconstitutionally sentenced. Under Habeas Corpus § 16, The general rule that an unexpected delay in seeking relief may bar habeas corpus relief does not apply to bar the correction of an unauthorized

sentence. In re Birdwell, 50 Cal. App. 4th. 726, 58 Cal. R. tr 2d 244 (1996) (A writ of habeas corpus will be granted when the petitioner raised issues showing that the Court acted outside it's legal authority. Actions taken in excess of the Court's authority may be challenged on habeas corpus even if there has been delay or a prior affirmance on direct appeal.)

## Conclusion

The law protects rights under Winship, which requires the prosecution to prove every element charged in a criminal trial beyond a reasonable doubt, provides for relief that which Cunningham ameliorates, was held unconstitutional. Indeed, Penal Code 1170. subd. (b), as drafted and effective July 1, 1977 runs afoul of Winship strictures. Cunningham is but a magnification of Winship, in that it is not Cunningham applied retroactively, but Winship prospectively. For the aforementioned reasons appellant respectfully requests that this Court grant Review, point reserved being "whether or not the statutory maximum (and minimum) under Determinate Sentencing Law appositive tute is 'midterm' because it is mandatory sentencing within the allegation and the verdict." With directate for the lower courts to follow.

**F I L E D**

MAR 1 5 2007

KIRI TORRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
BY_____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re                                    )    No.: CC060531
                                         )
    RAUL A. GARIBAY,                     )
                                         )    ORDER
On Habeas Corpus                         )
_____)

Mr. GARIBAY, (hereinafter Petitioner,) has filed a habeas corpus petition in which he seeks relief based on the United States Supreme Court's holding, in *Cunningham v. California* (2007) 127 S.Ct. 856, that *Blakely v. Washington* (2004) 542 U.S. 296 applies to California's sentencing practices. However Petitioner's case was final prior to June 24, 2004, (the date *Blakely* was decided) and the *Blakely* rule is not retroactive. (See *In re Consiglio* (2005) 128 Cal.App.4th 511, *People v. Amons* (2005) 125 Cal.App.4th 855, 864-865, and *Schardt v. Payne* (2005, 9th Circuit) 414 F.3d 1025.) Accordingly, all requested relief or action is denied.

DATED: *March 15*, 2007

_____
LINDA R. CONDRON
JUDGE OF THE SUPERIOR COURT

cc:  Petitioner
     District Attorney
     Research (2-27A)
     CJIC

1

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF CALIFORNIA )
                        Plaintiff,   )        **CASE NO: CC060531**
                                   )
        VS.                    )
                                   )
                                 )
**Raul A. Garibay,**                 )
                      Petitioner .  )

PROOF OF SERVICE BY MAIL OF: ORDER

CLERKS CERTIFICATE OF MAILING;

I CERTIFY THAT I AM NOT A PARTY TO THIS CAUSE AND THAT A TRUE COPY OF
THIS DOCUMENT WAS MAILED FIRST CLASS POSTAGE PREPAID IN A SEALED
ENVELOPE ADDRESSED AS SHOWN BELOW AND THE DOCUMENT WAS MAILED
AT SAN JOSE, CALIFORNIA ON March 16, 2007

Dated: March 16, 2007

                                 KIRRI TORRE
                                 County Clerk

                                 By:
                                   Lydia Gonzalez

Raul Garibay CDC # P-98953          District Attorney
Pleasant Valley State Prison           70 West Hedding Street
P.O. Box 8503, Fac. C-1, 118U       San Jose, Ca 95110
Coalinga, CA 93210                   (placed in inter-office box)

Research Attorney's/Hall of Justice    CJIC/Hall of Justice
190 W. Hedding Street             190 W. Hedding Street
San Jose, CA 95110                 San Jose, CA 95110
(placed in inter-office box)         (placed in inter-office box)

trial court Judge Lacked Jurisdiction and
Statutory Authority to Sentence Petitioner
on the Upper Term in Count Six.

on March 15, 2007, Superior Court of Santa Clara
denied Petition For Writ Of Habeas Corpus, stating
the Supreme Court's ruling in re Cunningham
(2007) 127 S Ct 856 did not apply instant Petition,
citing Blakely rule is not retroactive. Comes, now,
petitioner on habeas corpus appeal with dis-
claimer on his jumbled Claim, modifying Claim
to just the upper term application on Count Six
(§§ 236-237) that pursuant to Penal Code § 1170.1(a) [1]
Jury was "trier of fact" NOT Judge; hence, petitioner
was denied his Sixth Amendment trial by Jury as of
right. Petitioner contends Cunningham is only
ameliorative, that pursuant to Pen. Code § 1170(b)

[1] Pen. Code § 1170.1(e) "ALL enhancements ... found to be
true by the trier of fact" (pertinent part)

Supporting facts: (con't.)
Trial court Judge Lacked Jurisdiction and
Statutory Authority (because) petitioner re-
quested Jury Trial and any aggravation
found to be true by a preponderence of the
evidence was not enough. Under Winship
Due Process (1970), all States have been
required to prove beyond a reasonable doubt
that which distinguishes a more serious crime
from a less serious one... a state may not dis
tinguish, without requiring the prosecution
to prove beyond a reasonable doubt the facts
upon which the distinction turns. Trial court
Judge Lacked Statutory Authority beyond "mid.
term" because California Legislature Lacked Juris
diction/Authority to lessen burden of proof for
any fact as to guilt or punishment (Winship.
The reasonable doubt standard applies in both
state and federal proceedings.)[2] Not even petitioner's
Jury could aggravate Count Six by a preponderence.
Petitioner must win because upper term was
NOT found to be true beyond a reasonable doubt
by Jury.[2] Petitioner contends ONLY part of his
Sentence is illegal, and request "amended"
Abstract of Judgment (Count Six "midterm") sent
to Jordan, California Men's Colony-West, Hway 1,
P.O. Box 8103, San Luis Obispo. CA 93403-8103.

[2]   In re Winship, 397 U.S. 358, 364; see, also, Jones vs
U.S., 526 U.S. 227, 143 LEd 2d 311, 119 SCt (1999) 1215

pporting cases, rules, or other authority: see n.4) ("[I]t is unconstitutional for a legislature to remove from jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.")

[3] People vs Melton (1988) 44 C 3d 713, 758, 244 CR 867 ("Any factor relied upon for aggravation of sentence must be proved beyond a reasonable doubt.")

People vs Price (1986) 184 CA 3d 1405, 229 CR 550 only part of a sentence is unauthorized, a sentencing court following remand or re-trial may not increase a sentence on all courts); People vs Jack (1989) 213 Cal. App. 3d 713, 261 Cal. Rptr. 860 ( illegal sentence may be corrected any-time ); U.S vs Conley, 349 F 3d 837 (5th Cir 2003) (Sentence that exceeds statutory maximum is an illegal sentence and therefore constitutes plain error )

(VERIFICATION – 446, 2015.5 C.C.P.)

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

I am the party of the above entitled actions, a citizen of the United States, over the age of eighteen years  and a resident of San Luis Obispo County. My current address is:

_Raul Garibay_ CDC No. _P 98953_
California Men's Colony-West
P.O. Box 8103    Unit __1__ Dorm _4__ Bed _33u_
San Luis Obispo, California  93403-8103

I CERTIFY (OR DECLARE), UNDER THE PENALTY OF PERJURY, ThAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON _October 2_, 20_07_, AT SAN LUIS OBISPO, CALIFORNIA, 93403-8103

_Raul a. Garibay_
PETITIONER

...............................................................................................................

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

I AM A RESIDENT OF SAID COUNTY, OVER THE AGE OF EIGHTEEN YEARS, AND NOT A PARTY TO THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS:

_Raul Garibay_ CDC No. _P98953_
California Men's Colony-West
P.O. Box 8103    Unit __1__ Dorm _4__ Bed _33u_
San Luis Obispo, California  93403-8103

ON _October 2_, 20_07_, I SERVED THE WITHIN _Petition for Writ of Habeas Corpus_
_/Exhibits_

ON THE PARTY: _United States Northern District Court of Appeals_
_// Attorney General of California_

IN SAID ACTION, BY PLACING A TRUE COPY THEREOF IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID, IN THE UNITED STATES MAIL.. AT CALIFORNIA MEN"S COLONY, SAN LUIS OBISPO, CA. 93403-8103, ADDRESS AS FOLLOWS:

_U.S. Courthouse_ _//_ _455 Golden Gate Ave._
_450 Golden Gate Ave_ _Ste. 11000. San Francisco_
_San Francisco CA_ _CA 94102-Z004_
_94102-3483_

I DECLARE, UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON _October 2_, 20_07_, AT SAN LUIS OBISPO, CALIFORNIA

_Raul a. Garibay_
SIGNATURE OF DECLARANT